UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE WAYNE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3240 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

## **OPINION ON DISMISSAL**

On October 30, 2013, inmate Eddie Wayne Williams sent a letter to the Clerk of Court stating that the Texas Department of Criminal Justice had erroneously calculated his time served and that he wanted to sue for compensation for the ninety-seven days of incarceration for which he was allegedly being denied credit towards his sentence. (Docket No. 1.) Williams's letter was construed by the Clerk's Office as a petition for writ of habeas corpus challenging the execution of his sentence and was filed as such. On November 5, 2013, the Clerk's Office sent Williams a Notice of Deficient Pleading instructing him to submit a properly completed habeas corpus petition along with the required $5 filing fee (or an application to proceed *in forma pauperis* and certified inmate trust fund account statement). (Docket No. 3.) On December 3, 2013, Plaintiff responded by letter stating that he did not intend to file a habeas corpus petition but merely wants to sue for damages for wrongful incarceration. (Docket No. 4.)

## ANALYSIS

It is well established that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Because success on Williams's proposed damages

claim would necessarily imply the invalidity of his sentence as calculated by TDCJ, it is not cognizable under 42 U.S.C. § 1983. Instead, a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate federal avenue for Williams to challenge the calculation of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987). However, before Williams can obtain federal habeas corpus relief he must show that he has exhausted all available state remedies. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Alternatively, Williams must show that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).

Under Texas law, a complaint regarding the calculation of an inmate's sentence may be raised by way of a state petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07 (Vernon 2013). However, before a petitioner may seek state habeas relief on a time-calculation claim, he must first exhaust state administrative remedies by complying with Section 501.0081 of the Texas Government Code. Tex. Govt Code Ann. § 501.0081(b) (Vernon 2013). Section 501.0081 prohibits an inmate who is more than 180 days away from his presumptive parole date from filing a state application for writ of habeas corpus challenging the time credited on his sentence until he receives a written decision from the state's resolution system, or if no written decision is issued, until the 180th day after he filed the time credit claim with the state's resolution system. *Id*.

Because Williams's proposed damages claim is not cognizable under 42 U.S.C. § 1983 and he has not shown that he has exhausted all available state administrative and habeas corpus remedies, he cannot proceed with a federal lawsuit at this time. Once Williams has exhausted all available state administrative and habeas corpus remedies he can then seek habeas corpus relief in this Court by submitting a completed Application for Writ of Habeas Corpus along with the required filing fee or application to proceed *in forma pauperis*. Williams cannot sue for damages

in this Court on his time-calculation claim unless he prevails on his habeas corpus suit but continues to suffer injury of some sort.

## ORDER

Accordingly, it is ORDERED that this suit is DISMISSED WITHOUT PREJUDICE to refiling upon a showing that Williams has exhausted all available state administrative and habeas corpus remedies as outlined in this Order.

The Clerk shall provide a copy of this Order to Williams.

SIGNED at Houston, Texas, this 13th day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE